UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT C BASS,<br><br>    Plaintiff<br><br>v.<br><br>Pershing, Pershing LLC & BNY Pershing<br>Bank of New York Mellon, N.A. (´BNY´),<br>Citigroup Global Markets Inc (´CGMI´), and<br>Financial Industry Regulatory Authority (´FINRA´)<br><br>    Defendants. | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff ROBERT C BASS, *in propria persona* (*´pro per´*) brings this action against Pershing, LLC – *a BNY company*, Bank of New York Mellon (´BNY´), Citigroup Global Markets Inc ("CGMI") and the Financial Industry Regulatory Authority (´FINRA´) and alleges as follows:

    I.    <u>FEDERAL CIVIL RICO CLAIMS</u>

1. **Based on documented evidence produced by CGMI** in May of 2024 in a FINRA Arbitration complaint initiated by the Plaintiff 2023, the Defendants – Pershing/Pershing, LLC, Bank of New York Mellon, CGMI and FINRA, in fact and in concert individually and or collectively, with knowing, willing and malicious intent to cause immediate and ongoing personal injury and harm to the Plaintiff´s business and property, through coordinated and or collectively instituting *'theft, embezzlement, or misapplication by a*

1

*bank officer or employee'* of United States Currency in the total amount of *$1 Billion United States Dollars ($1,000,000,000.00USD)* – intended for full credit and deposit to the Plaintiff's confirmed/approved wealth management account, established by Citi Personal Wealth Management (´CPWM´) account ending in 2917 or 3224 on or about May 7th 2019, in violation of **Title 18 United States Code Section 1962 (´18 USC §1962´)** – ***Prohibited Activities***, in whole or in part, as applicable with reference, as defined under **18 USC§1961 – *Definitions***.

2. **Based on documented evidence produced by CGMI** in a FINRA Arbitration initiated by the Plaintiff, the Defendants – Pershing, LLC, BNY and CGMI, did, in fact, engage and continues to participate in ongoing actions and activities in violation *of **18 USC §1957 – Engaging in monetary transaction in property derived from specified unlawful activity***, through willful, knowing and intentional illegal activities, through ongoing non-compliance of the following ***Uniform Commercial Codes*** (´UCC´), in whole or in part, as applied, respectively: ***Article 4A-202, 206, 209, 302, 305, and 401 through 406.***

3. **Based on documented evidence retrieved, with documented evidence provided by Defendant – CGMI, in a FINRA Arbitration and made public by CGMI *aka* Citigroup,** in and or about June through October of 2019, Defendants colluded and conspired to engaged in *specified unlawful activities*, successfully absconding with the Plaintiff's $1 Billion USD – processed and approved for final ultimate credit to the Plaintiff's CPWM account ending in 2917, by then and former Cash Management Director for the Deposit Trust and Clearing Corporation (´DTCC´), through issuance of the **ONLY US-DENOMINATED GREEN BOND** in or about June of 2019, ***valued at***

*$1,500,000,000.00USD*, which generated well over ***Thirty Billion United States Dollars ($30,000,000,000.00USD).***

4. **Based on documented evidence produced by CGMI** in a FINRA Arbitration initiated by the Plaintiff, Defendants did, in fact and law, engage in an ongoing conspiracy towards continuing their respective activities and collusion in willful, knowing and intentional, ongoing violations of *29 USC §1103-05 and §1109,* in whole or in part, as applied respectively.

5. **Based on documented evidence produced by CGMI** in a FINRA Arbitration initiated by the Plaintiff, Defendant – CGMI, did and continues to, in fact and evidence, willfully, knowingly and intentional remain in violation of *18 USC§1005 – Bank entries, reports and transactions*, through wire, mail and document fraud, sending/generating and transmitting to the Plaintiff via United States Postal Service (´USPS´) non-certified delivery, an officially drafted notice of account closure in or about May of 2019 and July of 2022 on Defendant – CGMI letterhead, regarding account ending in 3224. Again, based on documented evidence produced by CGMI in a FINRA Arbitration initiated by the Plaintiff in 2023, in fact, account ending in 3224 remains open and active – earning compounded, Fed Funds interest rates; based on funds, which remain under the custodial management of CGMI, as part of the Bank Deposit Program (´BDP´) and never returned as repeatedly communicated by CGMI and CPWM´s senior Vice President and General Counsel – Kelli Altman.

6. **Based on official and formal written requests submitted to FINRA** during the FINRA Arbitration dispute between defendant – CGMI and the Plaintiff, FINRA refused and or withheld or remains non-compliant with federal securities laws, with a specific request to

provide a copy of the ´**Clearing Agreement,**´ between Defendant(s) – Pershing, LLC and CGMI, which is required and mandated to be filed with FINRA in federal compliance of the Recordkeeping provisions promulgated and mandated under the *Securities Exchange Act of 1934* by defendant CGMI and Pershing, LLC.

7. **Based on several official and formal written requests submitted to FINRA** during the FINRA Arbitration dispute between defendant – CGMI and the Plaintiff, FINRA refused and or withheld or remains non-compliant with federal securities laws, rules and regulations, pursuant to the *Securities Exchange Act of 1934*, regarding *recordkeeping* – which continue to be violative of the Plaintiff constitutionally guaranteed and protected rights in the present dispute and civil action initiated against the Defendants *et.al.*

8. **Based on documented evidence produced by Defendant – CGMI**, during a FINRA Arbitration initiated by the Plaintiff in 2023, CGMI, in collusion and conspiracy with FINRA, did, in fact, omit, removed and or avoided mandated federal securities laws, rules, regulations and policies, through non-inclusion of ´*Authorization Records for Negotiable Instruments Drawn from a Customer Account*´ regarding the alleged certified check, in which CPWM, Senior Vice President and General Counsel – Kelli Altman, communicated via email and official drafted notice via USPS, was, in fact, drafted and issued to the Plaintiff, on or about 2-3 separate incidences, based on the Plaintiff´s persistent inquiries with Ms. Altman, as representative General Counsel for the Defendant – CGMI *aka* CPWM.

**PARTIES & JURISDICTION**

9. Plaintiff, ROBERT C BASS, appearing in *pro per* is a natural-born, resident of the State of New York and Citizen of the United States of America, with a registered mail correspondence address in Brooklyn, New York.

10. Defendant – CitiGlobal Markets Incorporated *aka* CitiGroup Global Markets Inc., ('CGMI') offers personal wealth management and brokerage investment services to individual and institutional clients – globally, since October of 1988, with its main office location and address located at 388 Greenwich Street, Tower Building, New York 10013. Defendant – CGMI is a registered broker-dealer firm regulated by FINRA, and the Securities and Exchange Commission ('SEC').

11. Defendant – Pershing, LLC *aka* BNY Pershing, provides affiliate broker custody-dealer, investment and clearing services, along with other related services to individual personal/private wealth management and brokerage account customers/clients on behalf and in coordination with CGMI. Pershing LLC is headquartered in New Jersey with a registered mail correspondence address at One Pershing Plaza, 10th Floor, Jersey City, New Jersey 07399. Pershing, Pershing LLC and BNY Pershing are registered broker-dealer firms regulated by FINRA and the SEC.

12. Defendant – Bank of New York Mellon NA ('BNY'), *aka* The Bank of New York Corporation is a global investments and financial services company overseeing over $50 Trillion or more in assets, as of December of 2024. Defendant is listed as the prime banking custodian listed with the Federal Reserve Bank as one of the nations' top North American ('NA') clearing banks and financial institutions, based within the United States

of America registered in Wilmington, Delaware, with branches and offices in the State of New York.

13. Defendant – The Financial Industry Regulatory Authority (´FINRA´) is a self-regulated organization (´SRO´), created in 2007, because of the consolidation of the National Association of Securities Dealers (´NASD´), with office address at Brookfield Place, 200 Liberty Street, Suite 1200, New York 10281. FINRA is regulated by the SEC – which has final review and regulatory authority over FINRA actions and rulemaking. FINRA is also obligated and mandated to comply with all the rules, regulations, policies and federal securities laws under the Securities Exchange Act of 1934.

14. This Court has subject-matter jurisdiction over this action because it presents several federal questions, pursuant to and in compliance with *28 USC §1331* and the United States Supreme Court (´US Supt. Ct.´) allows the Plaintiff to bring a private right of action against all named Defendants *et.al.,* under federal civil RICO statutes, alleging and proving "a domestic injury" to the Plaintiff and his business – respectively applying *18 USC §1962 - ´Prohibited Activities´* as defined under *18 USC §1961*, in whole or in part.

15. As it pertains to included claims under the Uniform Commercial Code and mentioned herein, this Court is also required *de novo* and requested by the Plaintiff, towards application of *28 USC §1367(a),* as those claims also present federal questions, regarding federal securities laws, rules, regulations and policies, along with the US Constitution.

16. This Court has personal jurisdiction over all named Defendants because the cause(s) of action arise from Defendants individual, as well as collective and combined efforts and initiatives to offer services and products to the Plaintiff – who is a New York State resident with an address in Brooklyn, New York and from Defendants committing various

tortious acts, to include breach of contract, breach of fiduciary duty and responsibility, within and outside of the State of New York causing ongoing and continual personal injury to the Plaintiff and his business(es) within and outside of the Continental United States (´OCONUS´). *Fed.R.Civ.P Rule 4.*

17. Venue with the Southern District of New York (´SDNY´) is proper because Plaintiff resides in New York and has a registered mailing address in Brooklyn, New York. All, if not majority of transactions, practices, and courses of conduct at issue occurred within the SDNY and defendants conduct a vast majority, if not all of its business in the SDNY. 28 USC §1391(a)(2), (b)(2) and (d), respectively, as applied to BNY Mellon *et.al.*

## STATEMENT OF FACTS AND ALLEGATIONS

**I.  THE DEFENDANTS COLLECTIVEY ENGAGED IN SPECIFIED ACTIVITIES TO ABSCOND WITH $1 BILLION APPROVED, PROCESS AND INTENDED FOR ULTIMATE FINAL CREDIT TO THE PLAINTIFF´S ACCOUNT ENDING IN 2917.**

18. Based on documented evidence produced by Defendant – CGMI, during an FINRA Arbitration in May of 2023 initiated by the Plaintiff, the Defendant – CGMI, collectively with Pershing, Pershing, LLC, BNY-NA and FINRA, the Defendants willfully, knowingly and intentionally engaged in activities and efforts to deny, deprive, withhold, limit and or restrict efforts initiated by the Plaintiff to obtain administrative assistance with the processing and final credit of $1 Billion USD to his CPWM account ending in 2917.

19. As part of FINRA´s Rule 12506 – Document Production List, the Defendant(s) – CGMI and Pershing/Pershing LLC, submitted over 1,500+ pages of requested and mandated discovery, in support and aggravation of efforts to obtain a summary dismissal of the FINRA Arbitration, under *FINRA Rule 12504(a)(6)(B) – Motion to Dismiss prior to*

*Conclusion of Case in Chief*. The Defendant – CGMI, Motion to Dismiss prior to Conclusion of Case in Chief was ´denied for lack of record evidence´ in support of its ´highly discouraged´ motion. Nevertheless, the Defendant – after 300+ days of intentional delay and submission of what appeared to be a voluminous collection of required and requested documents, the Plaintiff discovered – prior to the final hearing held of June 5th of 2024; (2) specific documents produced by CGMI detailing and confirming the release of $1 Billion USD by the sending bank – Deustche Bank AG, based in Frankfurt Main, Germany, on May 9th, 2019, for final credit to the Plaintiff´s ultimate account ending in 2917, established and created by Defendants – CGMI and Pershing/Pershing LLC, on behalf of the Plaintiff, as a bonafide, verified, confirmed and known CPWM client, customer and account signatory holder with a linked Citibank N.A. CitiGold Retail checking and savings account. The Plaintiff was assigned (2) CPWM advisors and managers.

20. On or about May 10th, 2019, the Plaintiff obtained the direct telephone number and email address of the Director of Cash Management for the Deposit Trust Clearing Corporation (´DTCC´), who was initially responsible for the liquidation and or transfer of securities, assets and or cash, which would directed to be credited to the ultimate final account ending in 2917, assigned to the Plaintiff by Defendants – CGMI and Pershing/Pershing LLC.

21. On or about May 13th, 2019, the Director of Cash Management for DTCC, did, in fact and evidence generate and transmit via electronic email notification, affirming and confirming personal knowledge of the specified transaction - $1Billion USD cash, which was to be credited to the Plaintiff´s final ultimate account ending in 2917. As a matter of

fact, the contents of the email undoubtedly and void of ambiguity and vagueness, confirm, in fact, the Director of Cash Management for DTCC was solely responsible and authorized to review, process and approve and or DK (¨Do Not Know") the transaction in question – returning the funds to the original sender´s account. No such action was taken.

22. The Director of Cash Management also affirmed via a direct telephonic inquiry initiated by the Plaintiff in or about May 7th – 10th, of 2019, stating, to wit, *"…I know this transaction [$1 Billion USD from Deustche Bank AG´s DTCC account]…I was the one who approved and processed it….let me call Citi and find out what is going on here. I cannot speak with you right now…you are not a client of DTCC...Pershing and Citi are?"*

23. The follow-up, *self-authenticating* email sent from the Director of Cash Management, dated May 13th of 2019, affirms and confirms the alleged causes of action and ongoing specified unlawful activities conducted by the Defendants.

24. **Based on documented evidence produced by Defendants – CGMI and Pershing, LLC**; evidentiary support, which will become admissible by this Court, the Plaintiff discovered an internal email within the document product list of 1,500+ pages prior to the FINRA final hearing on June 5th 2024, generated by Pershing, LLC´s lead analyst for Global Client Relationships – Global Client Services; in [ALL CAPS] electronically addressed:

> *"ATTENTION OF: <u>ALL CALL CENTER PERSONNEL</u> – PLEASE DO NOT ATTEMPT TO HELP THIS CLIENT [´referring to Plaintiff] FURTHER WITH HIS REQUEST PROCESS A DTC TRANSFER OF MONEY FROM A FOREIGN BANK FOR ANY AMOUNT. A/C HAS BEEN FROZEN FROM TRADING, DEPOSITS, AND WITHDRAWALS. PLEASE TAKE DOWN ANY AND ALL INFORMATION THE CLIENT PROVIDES [´referring to Plaintiff´] AND SUBMIT A SERVICE INQUIRY FOR PCS CONTROLS REVIEW/ESCALATION."*

II. **DEFENDANTS – PERSHING/PERSHING LLC AND CGMI CONTINUE WITH SPECIFIED UNLAWFUL, RACKEETERING ACTIVITIES, REFUSING TO RETURN PRINCIPAL FUNDS ON DEPOSIT TO INCLUDE COMPOUNDED FEDERAL FUNDS INTEREST RATE EARNINGS/REVENUE REGARDING CPWM ACCOUNT ENDING IN 3224 TO THE PRESENT DATE.**

25. **Based on documented evidence produced by Defendants – CGMI and Pershing/Pershing LLC**, as part of the document production list requirement and requests submitted by the Plaintiff during a FINRA Arbitration in 2023/2024, the Plaintiff discovered the existence of account statement activity regarding CPWM account ending in 3224. The Defendant´s internal senior risk and legal compliance officers for CPWM aka CGMI, generated, drafted an alleged notice of account closure on or about July 7th, 2022 – which was not signed by the senior risk and legal compliance officer. Nevertheless, an internal email was produced by CGMI, confirming instructions and issuance of the above letter mentioned by the senior risk and legal compliance officer for CPWM aka CGMI.

26. Also included in document product list – produced by the Defendants, were several forged letters, drafted on CPWN letterhead, which were forensically analyzed by an independent third-party, confirming, in fact, the letters were forgeries and were proven to be such, based on the absence of the ´Citi´ umbrella-styled corporate trademarked logo, the Defendant is infamously known for, worldwide.

27. Account statements produced for CPWM account ending in 3224, in fact, revealed **account ending in 3224 was not closed**, as communicated via email and or writing – which was not received by the Plaintiff via USPS. In fact, account statements for CPWN account ending in 3224 reveals and identifies the existence of the original funds on

deposit, placed into the Bank Deposit Program (´BDP´), **"still" earning Fed Funds Rate Daily Interest, to the present date**. There is no annotation or mention within the account statements for account ending in 3224 of any certified check or negotiable instruments issued and payable to the Plaintiff – again, as communicated and affirmed by the senior vice president and general legal counsel for CPWM – Kelli Altman. Internal CPWN and CGMI email communications and conversations produced by Defendant – CGMI, during document production list and discovery requested, reveal and confirm, beyond a reasonable doubt, in fact, the preceding alleged.

**III. DEFENDANTS COLLECTIVELY CONSPIRED TO DENY, DEPRIVE AND PROHIBIT THE PLAINTIFF OF REQUESTED RETURN, RECOVERY OF THE PRINCIPAL $1 BILLION USD CASH APPROVED AND PROCESSED FOR FINAL CREDIT TO THE PLAINTIFF´S ULTIMATE ACCOUNT ENDING IN 2917, USING THE CASH FUNDS TO ISSUE AND POST FOR EARNING AND REVENUE GENERATION, THE ONLY US-DENOMINATED GREEN BOND ON THE GLOBAL BOND MARKET IN JUNE OF 2019/2020.**

28. This Court should be aware the Plaintiff is in possession of the ´original´ publicly announced press release posted by several recognized global financial online open-source news platforms, confirming, in fact, Citi issued its first inaugural US-denominated Green Bond in June of 2019. Recent publicly available, open-source data/information reveals an inaugural date for the US-denominated Green Bond was, in fact, in June of 2019 and not 2020 – as amended by Citi and the Defendant CGMI.

29. Forensic digital evidence to be requested and subpoenaed by leave of this Court, will reveal, in fact, the Defendant – CGMI, *et.al.,* amended and manipulated the public-viewable, open source story, in haste as a result of previous issues presented and discovered during the FINRA Arbitration in 2024 initiated by the Plaintiff and leading to a subsequent similar, related federal civil cause of action in this Court, which is presently

pending – *USDC-SDNY Case Nr.: 24-CV-0659(JPO), People of the State of New York v. Citibank N.A.*, in which the Plaintiff is known and recognized, as a victim in the civil cause of action against Citibank N.A., as a known New York City Citibank/Citi Gold client/customer – opening the account in-person at local branch in Manhattan and Brooklyn, New York.

30. Additionally, the Environmental Protection Agency (´EPA´) Administrator – Lee Zeldin, has also located the potential Citibank account where the interest, revenue and earnings were deposited, because of Defendants absconding with the Plaintiff´s initial $1 Billion USD, intended for final ultimate credit to the Plaintiff´s CPWM account ending in 2917.

31. This Court should be aware and is duly noticed, pursuant to and in compliance with USDC-SDNY *Local Rule 1.6, Duties of Attorneys in Related Cases*, the EPA Administrator has, in fact, identified, verified and confirmed the existence of an alleged clandestine account with over $20 Billion on deposit, as part of a **"Dark Climate Money Scheme"** regarding the *Greenhouse Gas Reduction Fund* (´GGRF´) – *see* https://www.epa.gov/newsreleases/icymi-wsj-epa-gold-bar-terminations-trumps-epa-vs-bidens-dark-climate-money and https://www.politico.com/news/2025/03/18/judge-restores-20b-in-climate-grants-in-latest-rebuke-to-trump-00236632.

32. The Plaintiff avers and alleges with a high degree of confidence, there is existing and recoverable admissible evidence, which would or could be presented to this Court, in support of the Plaintiff´s claims, the Defendants, did, in fact, abscond and use the Plaintiff´s intended $1 Billion USD Cash to purchase the only US-Denominated Green Bond, earning the interest, income and revenue, required to fund the GGRF, **WITHOUT AUTHORIZATION, CONSENT AND AUTHORITY PROVIDED BY THE**

**PLAINTIFF – DIRECTLY AND INDIRECTLY**, in violation of all *UCC Articles – 4A-202, 206, 209, 302, 305, and 401 through 406,* to include any and all respective, applied federal civil RICO claims, as defined under *18 USC § 1961*, in their entirety or in part.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 18 USC§1341 – Frauds and Swindles

33. Plaintiff repeats and realleges allegations in paragraphs 1 through 32 above.

34. All allegations included by the Plaintiff under Title 18 USC §1961 - Definitions, under federal civil RICO – Prohibited Activities, 18 USC§1962, authorizes the Plaintiff to seek civil remedies, pursuant to and in compliance with 18 USC §1964(a) and (c): "Any person injured in his business or property by reason of violation of §1962 of may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit.

35. Defendants – individually and or collectively, in whole or in part, did, in fact and law, violate 18 USC§1341, through willful and knowing, causing personal injury to the Plaintiff with:

> *"..intent to devise a scheme for obtaining money or property for by means of false or fraudulent pretenses, representations, or promises…, for the purpose of executing such scheme or attempting so to do, places in any post office or authorized depository for any mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title."*

## SECOND CAUSE OF ACTION
### *18 USC§1343 - Fraud by wire*

36. Plaintiff repeats and realleges allegations in 1 through 35 above.

37. Plaintiff repeats and realleges allegations in paragraph 34, as applied respectively, in whole or in part.

38. Defendants – individually and or collectively, did, in fact and law, violated *18 USC§1343*, through willful and knowing intent to cause and continue to cause personal injury against the Plaintiff, whereby, Defendants – individually and or collectively, actively engage in ´*specified unlawful activities*´, "*...intending to devise any scheme…,or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire…, communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme…, shall be fined under this title.*"

## THIRD CAUSE OF ACTION
### 18 USC§1512
### *Tampering with a witness, victim or informant, in its entirety, as applied.*

39. Plaintiff repeats and realleges allegations in 1 through 38 above.

40. Defendants – individually and or collectively, did violate *18 USC §1512*, through tampering with a witness, victim or information through intimidation and or threats communicated directed against the Plaintiff and key material witness, who was summoned and subpoenaed, by order: "*...preventing the attendance or testimony of…,in an official proceeding, prevented the production of a record, document, or other object, in an official proceeding; and or, prevented the communication…,to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense.*"

41. Again, based on documented evidence produced by Defendant – CGMI, and supportive of intelligence, surveillance and reconnaissance ('ISR') conducted during the FINRA Arbitration initiated by the Plaintiff in 2023/2024, to the present date, the Plaintiff obtained a subpoena, signed by the "independent" Arbitrator Chairperson and provided proof of certified delivery of service and signature of the subpoenaed witness to compel the key witness' response and or appearance for testimony, in support of the Plaintiff's Statement of Claim filed with FINRA to recover the $1 Billion USD, to include treble damages.

### FOURTH CAUSE OF ACTION
### SIXTH AMENDMENT TO THE US CONSTITUTION

42. The Defendants – individually and or collectively, conspired to deny, deprive and restrict the Plaintiff's US Constitutionally-protected and guaranteed under the 6th Amendment, through activity devised, causing a violation of *18 USC §1512*, in its entirety or in part, respectively, denying and depriving the Plaintiff of his lawful and protected Constitutional right to compel witnesses in his favor.

### FIFTH CAUSE OF ACTION
### 18 USC §§1956 and 1957
*Laundering of Monetary Instruments and Engaging in monetary transactions in property derived from specified unlawful activity, in its entirety or in part, as applied respectively.*

43. Plaintiff repeats and realleges allegations in paragraph 1 through 41 above.

44. Defendants – individually and or collectively, engaged in conspiratorial activities, in violation of 18 USC §§1956 and 1957, in its entirety or in part, as applied respectively, with the willing and knowing malicious intent to continue to cause personal injury and harm to the Plaintiff, through *"... knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or*

*attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity—with the intent to promote the carrying on of specified unlawful activity."*

**SIXTH CAUSE OF ACTION**
**18 USC§2320(a)(1) and (2)**
***Trafficking in counterfeit goods and services.***

45. Plaintiff repeats and realleges allegations in paragraph 26 through 42 above.

46. Defendants individually and or collectively, did, in fact, evidence and law, cause to be drafted, created, transmitted and communicated by wire, electronically and through delivery of the United States Postal Service a forged, manipulated alleged official notice of account closure dated July 7th, 2022, and other related internally generated official statements and documents, in willful and knowing violating of 18 USC §2320(a)(1) and (2):

> *"(a) OFFENSES. —Whoever intentionally—**(1)** traffics in goods or services and knowingly uses a counterfeit mark on or in connection with such goods or services,**(2)** traffics in labels, patches, stickers, wrappers, badges, emblems, medallions, charms, boxes, containers, cans, cases, hangtags, documentation, or packaging of any type or nature, knowing that a counterfeit mark has been applied thereto, the use of which is likely to cause confusion, to cause mistake, or to deceive."*

47. Defendants engaged in deceptive and corrupt activities towards producing documents and discovery requested by the Plaintiff during the FINRA Arbitration initiated by the Plaintiff in 2023/2024, which revealed the discovery of forged, manipulated and fraudulent documentation with the intent to cause ongoing and continual personal injury and harm to the Plaintiff and his business, resulting in US Constitutional and various federal securities laws, rules, regulatory and policy violations, promulgated by the SEC and authorized by Congress.

# **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court issue an order and judgement, under 18 USC §1962(c):

a) permanently enjoining Defendant(s), its agents, trustees, employees, successors, heirs, and assigns; and any other person under their direction or control, whether acting individually or in concert with others, or through any corporate or other entity or device through which one or more of them may now or hereafter act or conduct business, from engaging in the fraudulent and illegal practices alleged herein;

b) ordering Defendants – individually and or collectively; to provide an accounting of all federally-mandated and required accounting, financial statements, clearing agreements, emails [unredacted], personal instant messages from Defendants personal and corporate mobile devices, tablets, removable/portable hard drives and corporate/personal computer activity specifically and only regarding CPWM accounts ending in 2917 and 3224, along with any and or all accounts directly and or indirectly associated or connected to Plaintiff, with Defendants engaged in private communications discussing the Plaintiff;

c) ordering Defendants – individually and or collectively; to disgorge and divested of all earnings, revenues and profits from the fraudulent and illegal activities and practices alleged, herein;

d) Imposing maximum allowed civil punitive monetary damages for each allegation made by the Plaintiff, as applied and the Court deems, deposited into an account managed by the Court towards the creation of a scholarship fund for prospective students that are accepted and are enrolled at the Plaintiff´s *alma mater – LaGuardia High School for Music & The Arts* granted to graduating, low-income, minority, students seeking to pursue a collegiate education in law, science, technology, engineering and mathematics, on behalf of the Plaintiff.

e) granting such other and further relief as the Court deems just and proper.

Dated: March 26th, 2025,                                       Respectfully Submitted,

s/Robert C Bass
*In Pro Per*
28 Herkimer Street
Ground Floor
Brooklyn, New York 11216
Tel: (201) 351-0328
legal@strategicsolutions.services