```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
-----------------------------------------------------------------
ROBERT C. BASS,

                Plaintiff,        25-cv-2478 (JGK)

    - against -                ORDER

PERSHING, ET AL.,

                Defendants.
-----------------------------------------------------------------

JOHN G. KOELTL, District Judge:

    The Court received the attached filing by email from the pro se plaintiff. The plaintiff should file all materials through ECF. It is unnecessary to file materials also by email, except in specific situations set forth in the Court's Individual Practices, a copy of which is attached.

SO ORDERED.

Dated:    New York, New York
           April 7, 2025

                                            John G. Koeltl
                                  United States District Judge

## Koeltl NYSD Chambers

| | |
|---|---|
| **From:** | ROBERT B <robert.c.bass@strategicsolutions.services> |
| **Sent:** | Friday, April 4, 2025 5:49 PM |
| **To:** | Koeltl NYSD Chambers; Adam Kauff |
| **Subject:** | Fwd: Bass v CGMI et al -- proposal to waive service and agree on a response date |
| **Attachments:** | Robert Bass v. CGMI et al - Request to Waive Service.pdf; OpenPGP_0x8442C2DFA0A37B3D.asc; robert_c_bass.vcf; OpenPGP_signature.asc |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

**CAUTION - EXTERNAL:**

To Honorable Judge John G. Koeltl:

Herein is confirmed attorney of record for CGMI. He has also been included in this email to chambers. An additional copy of the filed civil action has also been provided to him via email. The Certificate of Service has already been uploaded via ECF/CM on April 1st, 2025.

Respectfully Submitted,

s/Robert C Bass

Plaintiff

-------- Forwarded Message --------
**Subject:** Bass v CGMI et al -- proposal to waive service and agree on a response date
   **Date:** Fri, 4 Apr 2025 21:00:18 +0000
   **From:** Adam Kauff <akauff@klmllp.com>
      **To:** Director of Cyber Intel <robert.c.bass@strategicsolutions.services>

Mr. Bass,

We represent Citi with respect to a new pleading that you have filed and my client has received this attached request to waive service.

We will agree to waive service and that our response is due on May 27. Please let me know if this is agreeable.

Best, Adam

1

Adam Kauff
Kauff Laton Miller LLP
950 Third Avenue, 15th Floor
New York, NY 10022
(212) 906-3441 (direct)
akauff@klmllp.com
www.klmllp.com

--

s/Robert C Bass

*Founder/Managing Director – Cyber Ops & Counterintelligence*

***Everyone sees what you appear to be, few experience what you really are." — Niccolò Machiavelli***

[BY APPOINTMENT ONLY]

Secure Video-Conference

Call-in: (720) 835.5166 - Landline/Hardline Only.

Secure Encrypted Private Messaging

**CONFIDENTIALITY NOTICE:**

- This email and any files transmitted with it are strictly confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error, please notify the system manager. This message contains confidential information and is intended only for the individual named.
- If you are not the named addressee you should not disseminate, distribute or copy this e-mail.
- Notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system.
- If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.

**WARNING NOTICE: Offensive cyber intelligence action will be initiated to aggressively enforce information security compliance for knowing, willful and intentional non-compliance.**

Copyright © 2025. Strategic Solutions Services - *a CogniSphere Intelligence Operations Company*. All rights reserved.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

March 17, 2025

# INDIVIDUAL PRACTICES OF JUDGE JOHN G. KOELTL

Unless otherwise ordered by Judge Koeltl, matters before Judge Koeltl shall be conducted in accordance with the following practices:

## I.     Communications with Chambers

**A.     Letters.** Except as otherwise provided below, communications with the Court should be by letter, with copies simultaneously delivered to all counsel. **Letters should be filed electronically on ECF,** unless there is a request to file a letter under seal or a letter contains sensitive or confidential information. For instructions on how to file electronically under seal, see Section 6 below. Courtesy copies are no longer accepted. Whether filed electronically or not, letters may not exceed 3 pages in length. Letters solely between parties or their counsel or otherwise not addressed to the Court may not be filed on ECF or otherwise sent to the Court (except as exhibits to an otherwise properly filed document).

**B.     Docketing, Scheduling, and Calendar Matters.** For docketing, scheduling and calendar matters, call the Court Clerk, Mr. Don Fletcher at (212) 805-0107 between 9:00 A.M. and 5:00 P.M.

**C.     Requests for Adjournments or Extensions of Time**. All requests for adjournment or extensions of time must be made in writing and filed on ECF as letter-motions. Courtesy copies are no longer accepted. If a request contains sensitive or confidential information, it may be submitted by fax or mail in lieu of being filed electronically. The letter- motion must state (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order (reflecting only business days) must be attached. If the request is for an adjournment of a court appearance, absent an emergency, it shall be made at least 48 hours prior to the scheduled appearance.

**D.    Letter-Motions.** Letter-motions may be filed via ECF if they comply with the S.D.N.Y. Local Rules and the S.D.N.Y. Electronic Case Filing Rules and Instructions. In particular, all requests for adjournments, extensions, and pre-motion conferences (including pre-motion conferences with respect to discovery disputes) should be filed as letter-motions. Courtesy copies are no longer accepted. Letter-motions, together with any related exhibits, should not exceed 3 pages in length.

**E.    Sentencing Submissions.** Except for submissions to be filed under seal, every document in a sentencing submission, including letters, must be filed on ECF. Parties should assure that all sentencing submissions filed on ECF are redacted as necessary, and comply with Rule 49.1 of the Federal Rules of Criminal Procedure. Letters should be grouped and filed together with attachments to a single document marked SENTENCING MEMORANDUM with the caption and docket number clearly indicated. The defendant is responsible for filing all letters submitted on behalf of the defendant, including those from friends and relatives. The Government is responsible for filing all letters from victims. Courtesy copies of all sentencing submissions should be provided to the Court promptly after they are filed. Unless otherwise ordered by the Court, courtesy copies should be submitted via email to koeltlnysdchambers@nysd.uscourts.gov.

**F.    Urgent Communications.** As a general matter, materials filed via ECF are reviewed by the Court the business day after they have been filed. If your submission requires immediate attention, please notify Chambers by e-mail after you file via ECF.

## II.   Diversity Jurisdiction

**A.    Diversity in General.** Where the Court's subject-matter jurisdiction rests solely on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), the party invoking federal jurisdiction should detail the citizenship of each party at the earliest possible opportunity.

**B.    LLCs, LPs, and LLPs.** Where any of the parties is an LLC, LP, or LLP, the party invoking federal jurisdiction should identify each member of every LLC, LP, or LLP, and detail the citizenship of each member of every LLC, LP, or LLP at the earliest possible opportunity. See Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012); Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990).

**C.    Individual Parties.** An individual's citizenship, within the meaning of § 1332, is determined by their domicile. Domicile is the place where a person has that person's true fixed home and principal establishment, and to which, whenever that person is absent, that person has the intention of returning. At any given time, a person has but one domicile. See Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000).

**D.    Corporate Parties.** Within the meaning of § 1332, a corporation is considered a citizen of (1) the state in which it is incorporated and (2) the state of its principal place of business. Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012) (citing 28 U.S.C. § 1332(c)(1)).

### III.    Motions

**A.    Initial Pretrial Conferences.** The parties are expected to confer with each other pursuant to Rule 26(f) of the Federal Rules of Civil Procedure before the initial conference with the Court. The parties are expected to provide a Rule 26(f) report to the Court before the initial conference.

**B.    Pre-Motion Conferences in Civil Cases.** For discovery motions, follow Local Civil Rule 37.2. For motions other than discovery motions, a pre-motion conference with the court is required only before making a motion to dismiss, motion to amend or a motion for summary judgment.

**C.    Courtesy Copies.** The moving party should furnish to Chambers **one** courtesy copies of all the motion papers (including papers in opposition to the motion) after the motion has been fully briefed. Each submission related to the motion should be filed on the docket promptly after service, **but the full set of courtesy copies should be furnished to chambers only once the motion is fully briefed.** Courtesy copies of pleadings, marked as such, shall be submitted to Chambers as soon as practicable after filing. Unless otherwise ordered by the Court, courtesy copies should be mailed to Chambers and submitted via email to koeltlnysdchambers@nysd.uscourts.gov. The moving party should note that for documents that are too lengthy to be stapled, the Court has a preference for binding on the side. Velo binding is discouraged. Parties are encouraged to print declarations with lengthy exhibits double sided, but memoranda of law should be single sided.

**D.    Memoranda of Law in Civil Cases.** Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 7,000 words or fewer, and reply memoranda are limited to 2,800 words or fewer. All memoranda shall contain a certificate signed by counsel stating the number of words in the brief and certifying that the brief complies with these formatting rules. All memoranda shall contain a table of contents and a table of authorities. The cover page, certification of compliance, table of contents, and table of authorities shall not be included in any word count. All memoranda should be double spaced, in legible font, and with reasonable margins. All footnotes must be double spaced and in legible font. Parties should not omit statements of facts from memoranda submitted in connection with summary judgment motions; Local Rule 56.1 statements and supporting affidavits are not substitutes for statements of facts and should not be incorporated by reference.

**E.    Memoranda of Law in Criminal Cases.** There is no limitation with regard to pages or words for memoranda of law in criminal cases.

**F.    Filing of Motion Papers.** Motion papers shall be filed and served on ECF for all ECF cases. In non-ECF cases, such as Social Security cases and cases in which there is a Pro Se litigant, motion papers shall be filed in the Clerk's Office promptly after service.

**G.    Oral Argument on Motions.** Parties may request oral argument by letter at the time their moving or opposing or reply papers are filed. The Court will determine whether

argument will be heard and, if so, will advise counsel of the argument date.

      **H.** **Motion Schedule.** Unless otherwise stipulated by the Court, the schedule for responses and replies to civil motions shall be that established by Local Civil Rule 6.1.

## IV. Notice of Court Orders and Judgments

The Court will provide notice of entry of any order or judgment through the Electronic Filing System for all ECF cases. The Court will no longer send facsimile copies of orders or judgments, except in cases which are not ECF cases and in extraordinary circumstances. <u>See</u> Paragraph 10 of the Southern District Procedures for Electronic Case Filing. <u>It remains the duty of the attorney for a party to review regularly the docket sheet of the case</u>.

## V. Pretrial Procedures

      **A.** **Joint Pretrial Orders**

In accordance with the Scheduling Order adopted by the Court, in all civil cases, the parties shall submit to the Court for its approval a joint pretrial order, which shall include the following:

1. The full caption of the action.

2. The names, addresses (including firm names), and telephone and fax numbers of trial counsel.

3. A brief statement by the plaintiff as to the basis of subject matter jurisdiction and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

4. A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matters but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted which are not to be tried.

5. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

6. A statement as to whether or not all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).

7. Any stipulations or agreed statements of fact or law which have been agreed to by all parties.

4

8. A statement by each party as to the witnesses whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition.

9. A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.

10. A list by each party of exhibits to be offered in its case in chief, with one star indicating exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any ground.

### B. FLSA Actions

Parties in FLSA actions that are not collective actions should abide by the Initial Discovery Protocols posted on the website at: https://nysd.uscourts.gov/hon-john-g-koeltl

### C. Employment Cases Alleging Adverse Action

Parties in employment cases alleging adverse action should abide by the Initial Discovery Protocols posted on the website at: https://nysd.uscourts.gov/hon-john-g-koeltl

### D. Filings Prior to Trial in Civil Cases

In accordance with the Scheduling Order adopted by the Court, in all civil cases, each party shall submit prior to the date scheduled for trial:

1. in jury cases, requests to charge and proposed voir dire questions. When feasible, proposed jury charges should also be submitted on a CD-ROM in Word or WordPerfect format;

2. in non-jury cases, proposed findings of fact and conclusions of law;

3. in all cases, motions addressing any evidentiary or other issues which should be resolved in limine; and

4. in any case where a party believes it would be useful, a pretrial memorandum.

## VI. Criminal Procedures

### A. Presentence Referral/Investigation

1. Defense counsel shall promptly schedule with the Probation Department a Pre-Sentence interview of the defendant to occur within fourteen (14) days after the date of the defendant's guilty plea or verdict.

2. The Assistant United States Attorney shall submit the prosecution case

5

summary to the Probation Department within fourteen (14) days after the date of the defendant's guilty plea or verdict.

3. Within twenty-eight (28) days of the plea or verdict, the Probation Department will complete its Pre-Sentence interview of the defendant or notify the judge why it was unable to do so.

4. Fifty-five (55) days after the plea or verdict, the Probation Department will make its initial disclosure of the Pre-Sentence Investigation Report to the parties.

5. Within fourteen (14) days of the initial disclosure, the parties must provide the Probation Department with any objections to the Pre-Sentence Investigation Report.

6. Twenty-eight (28) days after its initial disclosure, the Probation Department will make its final disclosure of the Pre-Sentence Investigation Report to the parties; and,

7. The time-table for preparation and completion of Pre-Sentence Investigation Reports is summarized as follows on the next page:

6

| Action | Date Completed |
|---|---|
| Guilty Plea or Verdict and Electronic Notification to Probation | Day 1 |
| Pre-Sentence Investigation Interview Scheduled and Prosecution Case Summary Submitted | Day 14 |
| Pre-Sentence-Investigation Interview Completed | Day 28 |
| Initial Disclosure of the Pre-Sentence Investigation Report | Day 55 |
| Objections by the Parties | Day 69 |
| Final Disclosure of the Pre-Sentence Investigation Report | Day 83 |

**B.  Timetable for Sentencing Submissions to the Court**

   1. Defense submissions to the Court in connection with sentencing should be submitted 14 days prior to the sentencing date.

   2. The Government submissions to the Court in connection with sentencing should be submitted 8 days prior to the sentencing date.

   3. The defense and Government submissions should be filed on ECF after redacting any personal identifying information and any other information that may properly be redacted. The parties should provide the Court courtesy copies of all sentencing submissions. The Court will file copies of

7

the parties' submission in the record under seal along with the Pre-Sentence Report after sentencing.

## VII. Filings Under Seal

### A. Electronic Filing Under Seal in Civil and Miscellaneous Cases

#### 1. Sealing/Redactions Not Requiring Court Approval.

Federal Rule of Civil Procedure 5.2 describes sensitive information that must be redacted from public court filings without seeking prior permission from the Court. Such sensitive information includes: Social Security numbers; names of minor children; dates of birth; and financial account numbers.

Other information that should be treated with caution and may warrant a motion for approval of sealed or redacted filing includes: personal identifying numbers (PIN numbers); medical records, treatment and diagnosis; employment history; individual financial information; proprietary or trade secret information; home addresses; and information regarding an individual's cooperation with the government.

Sensitive information and information requiring caution must not be included in any document filed with the Court unless such inclusion is necessary and relevant to the case. If such information must be included, personal identifiers must be partially redacted in accordance with the above-cited rules and policies in order to protect any privacy interest.

#### 2. Sealing/Redactions Requiring Court Approval.

Motions or Letter Motions for approval of sealed or redacted filings in civil and miscellaneous cases and the subject documents, including the proposed sealed document(s), must be filed electronically through the court's ECF system in conformity with the court's standing order, 19-mc-00583, and <u>ECF Rules & Instructions, section 6</u>.

The motion must be filed in public view, must explain the particular reasons for seeking to file that information under seal and should not include confidential information sought to be filed under seal. Supporting papers must be separately filed electronically and may be filed under seal or redacted only to the extent necessary to safeguard information sought to be filed under seal.

The proposed sealed document must be contemporaneously filed under seal in the ECF system and electronically related to the motion. The summary docket text, but not the sealed document, will be open to public inspection and should not include confidential information sought to be filed under seal. Where the motion seeks approval to redact information from a document that is to be publicly filed, the filing party shall: (a) publicly file the document with the proposed redactions, and (b) electronically file under seal a copy of the unredacted document with the redactions highlighted. Both documents must be electronically filed through the ECF system and related to the motion.

To be approved, any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. See, e.g., Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119–20 (2d Cir. 2006). In general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents. See, e.g., In re Gen. Motors LLC Ignition Switch Litig., No. 14-MC-2543, 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

The party seeking leave to file sealed or redacted materials should meet and confer with any opposing parties (or third parties seeking confidential treatment of the information, if any) in advance to narrow the scope of the request. When a party seeks leave to file sealed or redacted materials on the ground that an opposing party or third party has requested it, that party shall notify the opposing party or third party that it must file, within three days, a letter explaining the need to seal or redact the materials.

Any party unable to comply with the requirement for electronic filing under seal through the ECF system, or who has reason to believe that a particular document should not be electronically filed, must move for leave of the Court to file in the traditional manner, on paper.

## VIII. Default Judgment Procedures

### A. Remote Procedures

The plaintiff shall:

 **A.** File a proposed Certificate of Default and supporting declarations on ECF to obtain a Clerk's Certificate of Default.

  For the most up to date instructions, refer to Section 16.1 of the SDNY Electronic Case Filing Rules & Instructions, available at: https://nysd.uscourts.gov/rules/ecf-related-instructions

9

**B.** After the Clerk's Office issues a Certificate of Default, electronically file on ECF the following documents:

1. A proposed Order to Show Cause;

2. An attorney's affidavit stating why a default judgment is appropriate; and

3. A proposed default judgment plus statement of damages.

**C.** The proposed Order to Show Cause should contain the following text:

"The defendants shall respond in writing to this Order to Show Cause for a default judgment by_____. If the defendants fail to respond by that date, judgment may be entered against them and the defendants will have no trial. The plaintiff may reply by_____.

The plaintiff shall serve a copy of this Order to Show Cause by _____ and shall file proof of service by_____.

No personal appearances are required in connection with this Order to Show Cause."

10