```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------------------------------

ROBERT C. BASS,
                           Plaintiff,             25-cv-2478 (JGK)

       - against -                        ORDER

PERSHING, ET AL.,
                          Defendants.

------------------------------------------------------------

**JOHN G. KOELTL**, District Judge:

    The plaintiff has made filings purporting to seek certificates of default and default judgments as to defendants Bank of New York Mellon, N.A. ("BNY"), BNY Pershing, and Pershing LLC. See ECF Nos. 30-35. The plaintiff claims that service was made on these defendants by certified mail on April 1, 2025, and that the plaintiff emailed the Notice and Request to Waive Service to Anthony Mancuso in BNY's Legal Department. See ECF No. 34; see also ECF No. 23-24 ("proof of service" representing that Pershing LLC and BNY were served by certified mail). The plaintiff now argues that the time for BNY, BNY Pershing, and Pershing LLC to respond to the complaint has passed, and that these defendants have not answered or otherwise moved with respect to the complaint.

    However, BNY, BNY Pershing, and Pershing LLC have not been properly served. Federal Rule of Civil Procedure 4(h)(1) provides that a corporation must be served:

>    (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
>    (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) in turn provides that service may be effectuated by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Under New York law, a plaintiff may serve a corporation by "delivering the summons . . . to an officer, director, managing or general agent, or . . . to any other agent authorized by appointment or by law to receive service." N.Y. CPLR § 311(a)(1). Alternatively, a plaintiff may effect service on a corporation by serving the secretary of state by "[p]ersonally delivering to and leaving with the secretary of state or a deputy . . . duplicate copies of such process together with the statutory fee," or by "[e]lectronically submitting a copy of the process to the department of state together with the statutory fee . . . through an electronic system operated by the department of state." See id.; N.Y. BCL § 306.

Service of process on a limited liability company ("LLC") is governed by CPLR § 311-a, which provides that service

2

shall be made by delivering a copy personally to (i) any member of the limited liability company in this state, if the management of the limited liability company is vested in its members, (ii) any manager of the limited liability company in this state, if the management of the limited liability company is vested in one or more managers, (iii) to any other agent authorized by appointment to receive process, or (iv) to any other person designated by the limited liability company to receive process, in the manner provided by law for service of a summons as if such person was a defendant. Service of process upon a limited liability company may also be made pursuant to article three of the limited liability company law.

N.Y. CPLR § 311-a. Article three of the limited liability company law also permits service of process on the secretary of state, either by "[p]ersonally delivering to and leaving with the secretary of state or his or her deputy . . . duplicate copies of such process," or by "[e]lectronically submitting a copy of the process to the department of state." N.Y. LLC L. § 303.

In this case, the plaintiff has filed materials indicating that the plaintiff attempted to serve BNY, BNY Pershing, and Pershing LLC by certified mail. See ECF Nos. 23-24. However, service by certified mail is not a valid method of service on a corporate defendant or an LLC defendant under the CPLR. See Miller v. 21st Century Fox Am., Inc., 116 N.Y.S.3d 567 (Mem) (App. Div. 2020) ("Service by certified mail to the corporate defendant's address, alone, is not a proper means of service [under CPLR § 311 and BCL § 306]."); Greene v. Pete, No. 22-cv-

3

4220, 2023 WL 2393873, at *2 (S.D.N.Y. Jan. 3, 2023), report and recommendation adopted, 2023 WL 2043951 (S.D.N.Y. Feb. 16, 2023) (explaining that New York law does not permit service on an LLC by certified mail). Nor is service by certified mail a valid method of service under Federal Rule of Civil Procedure 4(h)(1). See Fed. R. Civ. P. 4(h)(1)(B) (providing that a corporation may be served "by delivering a copy of the summons and . . . the complaint to an . . . agent authorized by appointment or by law to receive service of process" (emphasis added)); Saregama India, Ltd. v. Mosley, No. 12-mc-45, 2012 WL 955520, at *2 (S.D.N.Y. Mar. 20, 2012) ("[N]othing in Rule 4(h)(1)(B) provides that service by certified mail constitutes adequate service of process.").

One of the plaintiff's filings indicates that the plaintiff also attempted to serve BNY by emailing the Notice and Request to Waive Service to Anthony Mancuso in BNY's Legal Department. See ECF No. 34. However, service by email is not one of the traditional methods permitted under New York law. See N.Y. CPLR § 311(a); N.Y. BCL § 306. Although New York law also provides that, where service by traditional means is "impracticable," alternative service may be permitted by "such form, as the court, upon motion without notice, directs," N.Y. CPLR § 311(b), and courts have found that service on a corporate email address can constitute reasonable alternative service, see, e.g., GP

4

Acoustics (US), Inc. v. J&V Audio, Inc., No. 17-cv-5305, 2017 WL 1157045, at *1-2 (S.D.N.Y. Sept. 13, 2017), in this case the plaintiff has not requested the Court to authorize such alternative service. Also, there no indication at this point that serving BNY by means set forth in CPLR § 311(a) is "impracticable."

Accordingly, the plaintiff's requests for certificates of default and entry of default judgments as to BNY, BNY Pershing, and Pershing LLC are premature. ECF Nos. 30, 31, 32, 33, 34, and 35 are therefore **stricken without prejudice.** The Clerk is respectfully requested to close ECF Nos. 30, 31, 33, and 34.

**SO ORDERED.**

Dated:  New York, New York
        April 24, 2025

　　　　　　　　　　　　　　　　　/s/ John G. Koeltl
　　　　　　　　　　　　　　　　　John G. Koeltl
　　　　　　　　　　　　　　　　　United States District Judge