

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/8/2025

**ROBERT C BASS**
28 Herkimer Street
Ground Floor
Brooklyn, New York 11216
Tel: (201) 351 – 0328
*e*Mail: robert.c.bass@strategicsolutions.services

July 7th 2025

**VIA ECF/CM**



MEMO ENDORSED

Honorable Valerie E. Caproni, USDJ
United States District Court
For the Southern District of New York
500 Pearl Street
New York, New York 10007

**25-CV-02478(VEC)**
*Bass v. Pershing et. al.*

**REQUEST FOR RELIEF FROM ORDER – USDC S.D.N.Y Docket Entry: 80**

To The Honorable USDJ – Valerie E. Caproni, presiding:

Plaintiff – Robert C Bass, in *propria persona*, does hereby submit this timely request for relief from the Court´s Order entered on July 7th 2025 – DkEntry: 80, regarding Defendant – CGMI´s request for adjournment of the previously scheduled IPTC for July 25, 2025 and joint letter submission on July 17th 2025, pursuant to *Rule 60(b)(1) of the Federal Rules of Civil Procedure (´Fed.R.Civ.P´)*.

Respectfully, the Plaintiff would like to bring to the attention of Judge Caproni the following potential conflict that exists, regarding the recent granting of CGMI´s submitted request for adjournment of the IPTC until October of 2025:

- The Defendant - CGMI, INITIATED THE REQUEST FOR ADJOURNMENT. So, Judge Caproni´s Individual Practice for Civil Cases - WHICH APPLIES TO LICENSED LEGAL COUNSEL, clearly mandates, Chamber Rule 2(C) should have been applied to CGMI´s request and no more than (6) weeks should have been granted.
- CGMI should not have been allowed to use and apply your Honor´s Individual Practices for Pro Se Civil Cases - Chamber Rule 5, granting CGMI the "within four month(s)," allowance, as granted to Pro Se litigants, EVEN WITH THE PLAINTIFF FILING AN AMENDED COMPLAINT ON JUNE 24th, 2025.
- Your Honor´s Chamber Rule 2(C), applies regarding CGMI´s initiated request for adjournment - NOT THE PLAINTIFF.
- The Court should reconsider amending the IPTC rescheduling date to reflect the six-week rule for licensed counsel.



ROBERT C BASS
28 Herkimer Street
Ground Floor
Brooklyn, New York 11216
Tel: (201) 351 – 0328
eMail: robert.c.bass@strategicsolutions.services

- Even with the Plaintiff filing an amended complaint on June 24th, 2025, your Honor´s Chamber Rule 2(C) should have been applied, since the Defendant - CGMI, initiated and requested the adjournment.

There appears to be a conflict between both Individual Practices and or there was a misapplication of Pro Se Individual Rules, which was allowed to be applied and averred by CGMI, to warrant and justify an adjournment, prejudicing the Plaintiff through an increased potential for additional fraud or collusion between the defendants and potential loss of potential evidence through the recent extension of time granted by the Court.

Plaintiff - Robert C Bass, does hereby respectfully request the Court reconsider its recent order granting adjournment and applying the six-week time frame to the Defendant´s request, since it was the defendant - CGMI, who originally requested the adjournment and not the Plaintiff.

Respectfully Submitted,

s/Robert C Bass
*In Propria Persona*

---

Application DENIED. The Court's decision to adjourn the Initial Pretrial Conference in this action was not predicated on any requirements of the Undersigned's Individual Practices but on the Court's "inherent authority to manage" its docket in order "to promote 'the efficient and expedient resolution of cases.'" *Kowalchuck v. Metro. Transportation Auth.*, 94 F.4th 210, 214 (2d Cir. 2024) (quoting *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016)). The interests of judicial economy favored adjournment of the conference to allow the Court to first consider the parties' briefs in connection with Defendants' forthcoming motions to dismiss.

SO ORDERED.

7/8/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE