USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/29/2025

**faegre drinker**

faegredrinker.com

**John P. Mitchell**
john.mitchell@faegredrinker.com
609.716.6586 direct

Faegre Drinker Biddle & Reath LLP
105 College Road East, Suite 300
Princeton, New Jersey 08542
+1 609 716 6500 main
+1 609 799 7000 fax

September 26, 2025

**Via ECF**

**MEMO ENDORSED**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

RE:   **Robert C. Bass v. Pershing, et al.**
      **Civil Action No. 25-cv-02478-VEC**

Dear Judge Caproni:

This letter motion is submitted on behalf of Financial Industry Regulatory Authority, Inc. ("FINRA") pursuant to Your Honor's Individual Practice Rule 2.C. and Local Rule 7.1(e). FINRA seeks relief under Federal Rule of Civil Procedure 26(c) and this Court's inherent authority, and respectfully requests that the Court issue an order (i) adjourning the Initial Pretrial Conference ("IPTC") currently scheduled for October 17, 2025, at 10:00 a.m.; (ii) staying discovery in this matter; and (iii) suspending all other pretrial deadlines pending the Court's adjudication of the Motions to Dismiss filed by FINRA and the other Defendants in this case.

This is the second request by the parties to adjourn the IPTC. By Order dated July 7, 2025, (ECF No. 80), the Court granted an application filed by Defendant Citigroup Global Markets Inc. to adjourn the IPTC in anticipation that the Defendants would be moving to dismiss Plaintiff's Amended Complaint. Plaintiff sought relief from this Order (ECF No. 81), but the Court denied such relief, noting that the decision to adjourn the IPTC was based "on the Court's inherent authority to manage its docket in order to promote the efficient and expedient resolution of cases" and that "[t]he interests of judicial economy favored adjournment of the conference to allow the Court to first consider the parties' briefs in connection with Defendants' forthcoming motions to dismiss." (ECF No. 83 (internal quotations and citations omitted).)

Defendants have since filed their Motions to Dismiss (ECF Nos. 84, 86, 90), and those motions remain pending. FINRA's motion establishes, among other things, that Plaintiff's claims against FINRA are barred by absolute arbitral immunity. This motion, if granted, would result in dismissal of all claims against FINRA.

The parties continue to await the Court's decision on the Motions to Dismiss. In the meantime, the parties Rule 26(f) conference is scheduled for October 1, the required joint letter and proposed Case Management Plan is due to the Court on October 9, 2025, and the IPTC remains on calendar for October 17, 2025. Further, Plaintiff has already attempted to commence discovery. On September 21, 2025, Plaintiff sent via email to counsel for FINRA a list of requests for production

of documents. These requests are premature, as the parties have yet to hold a conference as required by Rule 26. *See* Fed R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.").

Under the circumstances, FINRA respectfully requests that the Court adjourn the IPTC and extend the time to submit a joint letter and proposed Case Management Plan until such time as the Court has ruled on the pending Motions to Dismiss. Such a ruling would be consistent with the Court's prior Order (ECF No. 80). FINRA further requests that the Court stay discovery in this matter and suspend all pretrial deadlines until after the Motions to Dismiss have been adjudicated.

All Defendants consent to FINRA's request. Plaintiff's response is attached as Exhibit A, where Plaintiff refuses FINRA's request for consent on several unpersuasive grounds. Plaintiff points to his own opposition to the Motions to Dismiss (which have been addressed in the parties' reply briefs), the mere fact that the IPTC is currently on calendar and the parties are scheduled to meet, and a bill introduced in the House of Representatives seeking to transfer FINRA's duties to the SEC (which Plaintiff inexplicably believes will strip FINRA of immunity from his claims). None of these arguments warrant further discussion.

As the Court has already recognized, it has the inherent authority "to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants," and the Court may in its discretion stay discovery pending the outcome of a dispositive motion. *Short v. City of Rochester*, 747 F. Supp. 3d 594, 597 (W.D.N.Y. 2024) (quoting *Sharma v. Open Door NY Home Care Servs., Inc.*, 345 F.R.D. 565, 567–68 (E.D.N.Y. 2024); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In addition, Federal Rule of Civil Procedure 26(c) permits the Court to stay or limit discovery "for good cause." "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). A stay is appropriate where the pending motion to dismiss is "supported by substantial arguments for dismissal" or makes "a strong showing that the plaintiff's claim is unmeritorious." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (internal quotations and citations omitted).

Here, good cause exists to adjourn the IPTC and related deadlines and stay all discovery in this case. FINRA's Motion to Dismiss is based in part on the argument that FINRA is entitled to absolute arbitral immunity from Plaintiff's claims, which arise out of an arbitration for which FINRA provided the forum. Assertions of immunity that are "well-founded in the law" may "constitute the 'strong showing' necessary to weigh in favor of stay." *New York by James v. Pennsylvania Higher Educ. Assistance Agency*, No. 19 CIV. 9155 (ER), 2020 WL 605944, at *2 (S.D.N.Y. Feb. 7, 2020). As outlined in FINRA's Memorandum of Law in Support of its Motion to Dismiss (ECF No. 85), the doctrine of arbitral immunity is well-founded in the law, as courts in this jurisdiction uniformly hold that arbitration forums like FINRA and its employees are immune from liability for actions taken in connection with administering arbitrations. (ECF No. 85 at 13-16 (citing cases).) FINRA has therefore asserted substantial arguments for dismissal, and a stay is appropriate on that basis.

Further, the requested stay will only be for a short period of time until rulings are issued on the pending Motions to Dismiss, and Plaintiff will not be prejudiced by the stay. *See Spencer Trask Software & Info. Servs.*, 206 F.R.D. at 368. To the contrary, as the Court has already determined, the interests of judicial economy and efficiency will be served because the parties and the Court will not have to spend time and resources conducting the IPTC, complying with other deadlines, and engaging in other discovery, all of which will be avoided if the Motions to Dismiss are granted. *See New York by James*, 2020 WL 605944, at *2 (noting that the decision to stay discovery pending a motion to dismiss based on immunity from suit "is bolstered by the Second Circuit's counsel that immunity 'represents not simply a bar on liability but also an entitlement not to stand trial or face the burdens of litigation'") (quoting *Edrei v. Maguire*, 892 F.3d 525, 532 (2d Cir. 2018)); *Johnson v. New York Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (granting a stay where "adjudication of the pending motion to dismiss may obviate the need for burdensome discovery").

FINRA's immunity from suit entitles it to be free from the burdens of litigation, including the time and expense of written discovery, depositions, and other litigation activities. The Court has already found that it is in the interest of judicial economy to adjourn the IPTC until after consideration of Defendants' Motions to Dismiss. (ECF No. 83.) Because rulings on those motions are still forthcoming and Plaintiff has attempted to serve discovery prematurely in advance of the Rule 26 conference, the Court should adjourn the IPTC and all case management deadlines and stay discovery in this case.

Based on the foregoing, FINRA respectfully requests that the Court grant its request.

Thank you for your courtesies.

Very truly yours,

John P. Mitchell

Enc. (Exh. A—Plaintiff's email response to FINRA's request for consent to stay)

Application GRANTED.  There is good cause to stay discovery because Defendants have filed dispositive motions that raise substantial arguments favoring dismissal; permitting discovery to go forward would subject Defendants to undue expense in light of the breadth of Plaintiff's allegations. *See Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).  Accordingly, discovery in this matter is STAYED, and the Initial Pretrial Conference scheduled for Friday, October 17, 2025, at 10:00 A.M. is ADJOURNED *sine die*.

In addition, Plaintiff's baseless accusations of fabricated materials and vague references to technical errors do not support striking Defendants' reply papers.  Plaintiff's motions to strike are therefore DENIED.

The Clerk of Court is respectfully directed to terminate the open motions at Dkts. 101, 105, 106, and 109.

SO ORDERED.

9/29/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE