UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

ROBERT C. BASS,                                  :
                                                 :
                                   Plaintiff,    :
                                                 :
                  -against-                      :
                                                 :
                                                 :
PERSHING, PERSHING LLC & BNY                     :
PERSHING, BANK OF NEW YORK, N.A.                 :
("BNY"), CITIGROUP GLOBAL MARKETS                :
INC. ("CGMI"), AND FINANCIAL INDUSTRY            :
REGULATORY AUTHORITY ("FINRA"),                  :
                                                 :
                                                 :
                                   Defendants.   :

------------------------------------------------------------------X

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED:___12/1/2025___ |

25-CV-02478 (VEC)

<u>OPINION AND ORDER</u>

**VALERIE CAPRONI, United States District Judge:**

By order dated November 25, 2025, the Court dismissed this *pro se* action with prejudice. *See* Opinion & Order, Dkt. 115 ("Order"). The Amended Complaint, Dkt. 69, was dismissed because: (1) it failed plausibly to state a claim, as to each Defendant, on which relief may have been granted, *see* Order at 15–16, and (2) there is clear and convincing evidence that Plaintiff attempted to defraud the Court by falsifying evidence in support of his claims, *see id.* at 16–17. Shortly thereafter, on November 25, 2025, Plaintiff filed a letter seeking leave to file a motion for relief from the Order under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). *See* Dkt. 116. Plaintiff's request for leave is DENIED.

**DISCUSSION**

Under Rule 60(b), a party may seek relief from a district court's final order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
> evidence that, with reasonable diligence, could not have been discovered in time to

move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). Plaintiff's letter enumerates ten non-exclusive reasons that purportedly warrant relief from the Court's order dismissing his claims. *See* Dkt. 115. The Court has liberally considered the arguments that Plaintiff raises in his letter. *See, e.g.*, *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) ("The solicitude afforded to *pro se* litigants takes a variety of forms[] . . . [including] liberal construction of pleadings, motion papers, and appellate briefs . . . relaxation of the limitations on the amendment of pleadings, leniency in the enforcement of other procedural rules, and deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him." (internal citations omitted)). Even so, Plaintiff has not demonstrated that any of the grounds listed in the first five clauses of Rule 60(b) apply.[1] The Court therefore denies Plaintiff's request for leave to file a Rule 60(b) motion to the extent such relief would be sought under Rule 60(b)(1) through (5).

For the same reasons, Plaintiff's request for relief under Rule 60(b)(6) would fare no better. "Rule 60(b)(6) provides a catchall for 'any other reason that justifies relief'" and is only available "when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp v. United States*, 596 U.S. 528, 533 (2022). To succeed, a Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "extraordinary circumstances [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (internal quotation marks omitted).

---

[1]    Of the ten reasons listed by Plaintiff, the first seven suggest that the Court overlooked evidence in granting Defendants' motions to dismiss. The eighth listed reason suggests that Plaintiff "can, will, and should be allowed to" subpoena an individual to corroborate his allegations. The final two listed reasons question the Court's impartiality. *See* Dkt. 115.

Plaintiff's letter fails to demonstrate that extraordinary circumstances exist such that relief under Rule 60(b)(6) would be warranted. *See Ackermann v. United States*, 340 U.S. 193, 199–202 (1950); *Sanderson v. Leg Apparel LLC*, No. 19-CV-8423 (GHW), 2025 WL 2997325, at *10 (S.D.N.Y. Oct. 23, 2025) (slip op.) (allegations of "structural prejudice" resulting from "alleged mistakes by the Court" and "misconduct by the defendants" does not justify relief under Rule 60(b)(6)). As the Court explained in the Order, not only did Plaintiff fail plausibly to allege any actionable claims against Defendants, but there also exists compelling evidence that Plaintiff submitted fabricated evidence to the Court in support of his Amended Complaint. Order at 16–17. As such, it was well within the Court's discretion to grant Defendants' motions to dismiss with prejudice. *See McMunn v. Memorial Sloan-Kettering Cancer Ctr.*, 191 F. Supp. 2d 440, 461–62 (S.D.N.Y. 2002) ("When faced with a fraud upon the court . . . [dismissal with prejudice] is entirely appropriate.").

## CONCLUSION

For the foregoing reasons, Plaintiff's request for leave to file a Rule 60(b) motion for relief is DENIED. Furthermore, for the foregoing reasons and the reasons stated in the Order, Plaintiff's request for leave to file a Second Amended Complaint is DENIED.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is DENIED for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 116.

**SO ORDERED.**

Date:  **December 1, 2025**
      **New York, New York**

_____
           **VALERIE CAPRONI**
           **United States District Judge**

3