

ROBERT C BASS
28 Herkimer Street
Ground Floor
Brooklyn, New York 11216
Tel: (201) 351 – 0328
*e*Mail: robert.c.bass@strategicsolutions.services

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:    12/1/2025



November 26th, 2025

**VIA ECF/CM**

Honorable Valerie E. Caproni, USDJ, presiding
United States District Court
For the Southern District of New York                    **25-CV-02478(VEC)**
500 Pearl Street                                                              **Bass v. Pershing** *et. al.*
New York, New York 10007

## REQUEST TO REOPEN CASE

To The Honorable USDJ – Valerie E. Caproni, presiding:

Plaintiff – Robert C Bass, *pro quer*, does hereby and respectfully submits this letter request to reopen the above entitled civil case for the following legal reasons listed below:

1. USDC-SDNY DkEntry: 107, filed via ECF on August 8th, 2025 was ignored and avoided by the Court, regarding the Plaintiff´s claim and allegation of fraudulent concealment, which was compliant with Rule 9, Fed.R.Civ.P, defeating the tolling of the statute of limitations for a Civil RICO claims included with the original and amended complaint.

2. Fraudulent concealment operates as an equitable doctrine that can toll the RICO statute of limitations when specific requirements are met. As explained in *Germinaro v. Fidelity Nat. Title Ins. Co.*, 107 F. Supp.3d 439 (2015), fraudulent concealment "is an equitable doctrine that is read into every federal statute of limitations" and "will toll the RICO limitation period where a patter remains obscure in the face of a plaintiff´s diligence in seeking to identify it."

3. This requirement is also consistent with the United States Supreme Court´s guidance in *Klehr v. A.O. Smith Corp.*, 521 U.S. 179 (1997), which held that reasonable diligence is required for fraudulent concealment n civil RICO cases and that a plaintiff who is not reasonably diligent may not assert fraudulent concealment. In this instance, its clear from the record and pleadings, Bass was, in fact and remains, more than reasonably diligence in pursuant to justified relief being sought.

4. Conversely, recent decisions suggest greater willingness to allow fraudulent concealment claims to proceed past the motion to dismiss stage. In *re Uplift RX, LLC*, 667 B.R. 665



ROBERT C BASS
28 Herkimer Street
Ground Floor
Brooklyn, New York 11216
Tel: (201) 351 – 0328
*e*Mail: robert.c.bass@strategicsolutions.services

(2024), a bankruptcy court found that "alleged circumstantial evidence- if proven at trial- would toll the statute of limitations based on fraudulent concealment" and concluded that "accepting them as true, the Court finds proper grounds to estop Baker Hostetler from using the limitations defense to obtain preemptive dismissal of the RICO claims."

5. The District of Alaska´s decision in *Alaska v. Express Scripts, Inc.*, 774 F.Supp.3d 1150 (2025) represents an important recent development, holding that "it is generally inappropriate to resolve the fact-intensive allegations of fraudulent concealment at the motion to dismiss stage" when dismissal for failure to state claim is sought based on limitations. This reflects a growing judicial recognition that fraudulent concealment determinations require factual development that is incompatible with Rule 12(b)(6) standards.

6. In *Sonterra Capital Master Fund Ltd. v. Credit Suisse Group AG*, 277 F. Supp. 3D 521 (2017) – The Southern District of New York found RICO claims timely because fraudulent concealment tolled the statute of limitations until within four years of filing. The court determined that defendants´ alleged collusion and manipulation was concealed from the public, preventing plaintiffs from having notice until discovery of the scheme. In this instance, the same applies to the Plaintiff and Defendants in this case – with CGMI not providing notice until discovery of the scheme, until May/June of 2024, delaying Document Production for over 300+ days – exceeding FINRA mandated and required sixty (60) limit, with the panel denying Plaintiff´s repeated request to compel compliance and discovery.

7. The United States Supreme Court in *Rotella* explicitly preserved equitable tolling principles while rejecting pattern discovery as a basic accrual rule, *Rotella v. Wood*, 528 U.S. 549 (2000). The Court stated that in rejecting pattern discovery as a bsic rule, it did not unsettle the understanding that federal statutes of limitations are generally subject to equitable principles of tolling, and where a pattern remains obscure in the face of a plaintiff´s diligence in seeing to identify it, equitable tolling may be one answer to the plaintiff´s difficulty (*Id.*).

8. The Court also emphasized that the virtue of relying on equitable tolling lies in its nature as the exception, not the rule (Id.). This preserves fraudulent concealment as a viable defense against statute of limitations dismissals in extraordinary cases while maintaining the general four-year limitations period established in *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143 (1987) and *Rotella*.

9. Documented evidence provided by the Plaintiff proves, beyond a reasonable doubt to this Court and would, in fact, equally to a jury, Defendants were and remain engaged in "Active Concealment" and not mere non-disclosure as a strategic legal tactic.



ROBERT C BASS
28 Herkimer Street
Ground Floor
Brooklyn, New York 11216
Tel: (201) 351 – 0328
*e*Mail: robert.c.bass@strategicsolutions.services

10. USDC-SDNY DkEntry: 115; Judge Caproni´s Opinion and Order, footnote 11, at 14, includes a slang-term, "No dice," and the word "slingshod" which is not a word in any known English Dictionary, revealing Judge Caproni 1) did not engage in in-depth review of the Plaintiff´s Amended Complaint and Consolidated Reply to the Defendant´s Motions to Dismiss and 2) did not apply Rule 12, in its entirety and or as applied, in her review and superficial analysis of a highly complex legal matter in dispute.

11. Because the Director of FINRA Dispute Resolution Services (´DRS´) - Richard Berry, prohibited Bass from pursuing a subsequent separate FINRA arbitration against Pershing, LLC, after the arbitration panel refused and denied Bass the right to join and add Pershing, LLC to the initial arbitration initiated against CGMI, this Court ignored and avoided, in fact, that the Court lacked jurisdiction over the petition to vacate because even preclusive effects, applying res judicata, do not apply in this instance. The issue of arbitrability and the absence of valid agreement to arbitrate and "known and intelligence waiver" by Bass to agree to arbitrate does not exist – which was provided to this Court and completely ignored. This Court could have issued an order remanding the dispute back to FINRA to allow for the arbitrators to decide on the issue of arbitrability and refuse and or neglected to do so.

12. Lastly, dismissal of Bass Amended Complaint with prejudice warrants mandated review and reconsideration towards reopening this case, because the email generated and forensically recovered by a forensic digital recovery professional, from the former DTCC Cash Management Director – Joseph Cuniglio, is not a forgery and Bass did not fabricate or create the email with the wrong name. Recently recovered and printed open source information obtain on November 26th, 2025, (**see attached Exhibit**) reveals, in fact, Mr. Cuniglio´s middle initial starts with "S" and he has also used the middle initial "A" as well, allowing for this Court to allow issuance of a subopena for his appearance as a material witness to testify before the Court and a jury, in fact, he was solely responsible for processing and approving the DTCC cash credit to Bass ultimate final account ending in 2017.

For reasons stated above and hereafter, Plaintiff – Robert C Bass, respectfull request the Court reopen the above entitled case, which has been closed, and allow the Plaintiff to submit a Second Amended Complaint abandoning all claims and inclusion of FINRA as a defendant and BNY Mellon N.A., sustaining claims against Pershing, LLC and CGMI.



ROBERT C BASS
28 Herkimer Street
Ground Floor
Brooklyn, New York 11216
Tel: (201) 351 – 0328
*e*Mail: robert.c.bass@strategicsolutions.services

**I, Robert C Bass, *pro quer*, do hereby declare and attest, under the penalty of perjury, 28 USC §1764, the above stated is true and accurate and not for purposes of harassment, delay, or otherwise.**

Respectfully Submitted,

s/Robert C Bass
*Pro Quer*

Application DENIED.

SO ORDERED.

12/1/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE