UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

ROBERT C. BASS,                                          :
                                                        :
                                    Plaintiff,          :
                                                        :
                -against-                               :
                                                        :
                                                        :
PERSHING, PERSHING LLC & BNY                            :
PERSHING, BANK OF NEW YORK, N.A.                        :
("BNY"), CITIGROUP GLOBAL MARKETS                       :
INC. ("CGMI"), AND FINANCIAL INDUSTRY                   :
REGULATORY AUTHORITY ("FINRA"),                         :
                                                        :
                                    Defendants.         :
-------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __1/28/2026__

25-CV-02478 (VEC)

MEMORANDUM
OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

By order dated November 25, 2025, the Court dismissed this *pro se* action with prejudice. *See* Opinion & Order, Dkt. 115 (the "Order"). The Amended Complaint, Dkt. 69, was dismissed because: (1) it failed plausibly to state a claim, as to each Defendant, on which relief may have been granted, *see* Order at 15–16, and (2) there is clear and convincing evidence that Plaintiff attempted to defraud the Court by falsifying evidence in support of his claims, *see id.* at 16–17. Shortly thereafter, on November 25, 2025, Plaintiff filed a letter seeking leave to file a motion for relief from the Order under Rule 60(b) of the Federal Rules of Civil Procedure, *see* Dkt. 116, which the Court denied on December 1, 2025, *see* Dkt. 119.[1]

Now pending before the Court is Plaintiff's motion for reconsideration of the Court's initial Order granting dismissal, Dkt. 115, and the resulting judgment, Dkt. 117. *See* Pl. Mot.,

---

[1]      Separately, on December 19, 2025, Plaintiff submitted to the Court an *ex parte* motion to extend the time to file a notice of appeal of the Order pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A). The Court granted Plaintiff's motion for an extension, adjourning Plaintiff's deadline to file a notice of appeal of the Order to January 28, 2026. *See* Dkt. 126.

Dkt. 123; Pl. Mem., Dkt. 123-1.  Defendants submitted a consolidated opposition to Plaintiff's

reconsideration motion on December 31, 2025.  *See* Def. Mem., Dkt. 127.  Plaintiff replied in

support of his reconsideration motion on January 7, 2026, Pl. Reply, Dkt. 128, and submitted a

notice of supplemental authority[2] on January 12, 2026, *see* Dkt. 129.  For the following reasons,

Plaintiff's motion for reconsideration is DENIED.

"The standard for granting [a reconsideration] motion is strict, and reconsideration will

generally be denied unless the moving party can point to controlling decisions or data that the

court overlooked – matters, in other words, that might reasonably be expected to alter the

conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)

(citing *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990), and *Adams v. United

States*, 686 F. Supp. 417, 418 (S.D.N.Y. 1988)).  Reconsideration of a previous opinion is an

"extraordinary remedy to be employed sparingly in the interests of finality and conservation of

scarce judicial resources."  *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701 (S.D.N.Y.

2011) (internal quotation marks omitted).  "The decision to grant or deny a motion for

reconsideration rests within the sound discretion of the district court," *Vincent v. Money Store*,

No. 03-CV-2876 (JGK), 2014 WL 1673375, at *1 (S.D.N.Y. Apr. 28, 2014) (internal quotation

marks omitted), and success requires that the movant carry a heavy burden.  Plaintiff has not

done so here.

Plaintiff's reconsideration motion consists almost entirely of arguments that the Court has

already considered and rejected.  He again revives his conclusory position that the doctrine of *res*

---

[2]    Plaintiff notified the Court of the United States Supreme Court's denial of a petition for writ of certiorari in
*Otto Candies, LLC v. Citigroup Inc.*, 137 F.4th 1158 (11th Cir. 2025), which, according to Plaintiff, "clearly and
irrefutably contradicts [D]efendants['] reply briefs and answers submitted to this Court – specifically involving the
[D]efendants['] arguments and defenses regarding [Plaintiff's] civil RICO claims, involving fraud, fraudulent
conceal[ment], resulting in fraudulent proceedings."  *See* Dkt. 129 at 1.  The Court's review of *Otto Candies*
confirms that is has no bearing on the present action nor on the Court's dismissal of Plaintiff's claims.

*judicata* should not apply in this case and that the Court overlooked "controlling legal justification" supporting his claim. Pl. Mem. at 4. Plaintiff reasserts that his civil RICO claims should not be barred by the doctrine of *res judicata* because his petition to vacate FINRA's original arbitration award was dismissed for lack of subject matter jurisdiction. *Id.* at 4–5.

These arguments are no more persuasive now than they were in Plaintiff's prior briefing. The assertion that "[t]he doctrine of *res judicata* was and remains inapplicable to [Plaintiff's] Amended Civil RICO complaint," *id.* at 8, is entirely unsupported by any of the cases to which Plaintiff cites, including *Carruthers v. Flaum*, which stands for the uncontroversial proposition that "dismissals for lack of subject matter jurisdiction are not on the merits and are not accorded *res judicata* effect." 388 F. Supp. 2d 360, 378 (S.D.N.Y. 2005). But *Carruthers* is wholly irrelevant to this case: the FINRA panel that considered Plaintiff's original claims against Citi had jurisdiction to do so. Plaintiff himself consented to it. The Court declines (as it did previously) to entertain Plaintiff's baseless arguments that the FINRA panel somehow defrauded him during the arbitration process.[3] And although Plaintiff's petition to vacate the FINRA award was dismissed[4] due to lack of subject matter jurisdiction, the dismissal does not negate the preclusive effect of the award or the arbitration proceeding that produced it. More important, the Court's jurisdictional authority to review Plaintiff's prior petition to vacate the FINRA award played no role in the Order's *res judicata* analysis as to the claims in the Amended Complaint, nor in the Court's ultimate decision to grant Defendants' motions to dismiss. Plaintiff's

---

[3]    The Court has reviewed every submission that Plaintiff has provided in this action and finds that none remotely suggests, and certainly do not "clearly, unequivocally and irrefutably[] affirm[] and confirm[]," Def. Mem. at 7, that the FINRA panel treated Plaintiff unfairly when adjudicating his claim against Citi.

[4]    *See Bass v. Citi Glob. Mkts., Inc.*, No. 25-589, 2025 WL 2613774 (2d Cir. July 9, 2025).

arguments to the contrary remain untethered to, and ignorant of, the legal realities that govern this case.

An alternative argument that Plaintiff re-raises in his reconsideration motion is that the statute of limitations should have been tolled because of Defendants' allegedly rampant fraud against him.  This too fails to justify reconsideration of the Court's Order.  The fragmented collection of specious documents that Plaintiff has submitted[5] in support of his fraud allegations and repeated, baseless accusations of fabricated materials are insufficient for the Court to conclude that tolling the statute of limitations for Plaintiff's civil RICO claims would be warranted.  *See, e.g.*, *Zirvi v. Flatley*, 838 F. App'x 582, 585, 587 (2d Cir. 2020) (generalized, conclusory, and unsupported allegations of fraudulent concealment are insufficient to equitably toll statute of limitations).  Moreover, the Court previously rejected Plaintiff's speculative fraud allegations when considering his various motions to strike, all of which came before the Court granted Defendants' motions to dismiss.  *See, e.g.*, Dkt. 112.  At bottom, Plaintiff cannot credibly point to anything the Court overlooked – evidence, caselaw, or otherwise – that tends to suggest the Court erred in holding that the statute of limitations has run as to his civil RICO claims.[6]

---

[5]     Including, for example, at Dkts. 69-1, 69-2, 69-3, 96-2, 96-3, 96-4, and 107.

[6]     Plaintiff is correct that tolling the statute of limitations in civil RICO cases may be appropriate where "financial institutions with exclusive control over transaction information can engage in concealment," "particularly where the alleged scheme involves sophisticated mechanisms designed to prevent discovery by the injured party." Pl. Reply at 6–7; *see, e.g.*, *SEC v. Wyly*, 788 F. Supp. 2d 92, 102–05 (S.D.N.Y. 2011).  This does not, however, relieve a party of its obligation to plead allegations of fraud "with particularity," *see* Fed. R. Civ. P. 9(b), which Plaintiff has failed to do here, *see Armstrong v. McAlpin*, 699 F.2d 79, 90 (2d Cir. 1983) ("[G]eneralized and conclusory allegations of fraudulent concealment do not satisfy the requirements of Fed. R. Civ. P. 9(b).").  Plaintiff's allegations that Defendants defrauded him are supported only by conclusory allegations in the Amended Complaint and supplemented by extraneous, non-germane, and generally non-credible evidence that, in any event, does not tend to show that Defendants concealed their stealing of Plaintiff's alleged "$1 billion wire transfer through internal emails and institutional secrecy." Pl. Reply at 7.  Notwithstanding Plaintiff's protestations to the contrary, the Court affirms its position that Plaintiff was on inquiry notice of his alleged RICO injury in 2019, thus beginning the statute of limitations at that time.

Plaintiff also maintains his innocence as to the allegation that he fabricated evidence in an attempt to defraud the Court. *See* Pl. Mem. at 8–9 ("[T]he District Court's dismissal of [Plaintiff's] Amended Civil Rico complaint, with prejudice, for a claimed and unproven attempt by [Plaintiff] to deceive and engage in fraud on the Court . . . revealed this Court, in fact and evidence, did not[] conduct a serious, thorough, equitable, considerable, liberal review, so as to do justice, of [Plaintiff's] original, nor granted submission of [Plaintiff's] Amended Civil RICO complaint."). Plaintiff's sole exculpatory evidence is a screenshot from www.floridaresidentsdirectory.com that shows only that *someone* named "Joseph S. Cuniglio" *may* have lived *somewhere* in Tampa, Florida at *some* point in time. *See* Dkt. 123-2. As with many of Plaintiff's submissions, the screenshot does nothing to bolster his allegations against Defendants or rebut the Court's finding that there is clear and convincing evidence that Plaintiff "fabricated [an] email from an employee of the Depository Trust & Clearing Corporation." *See* Order at 16; *see also id.* at 17 n.15 (discussing various idiosyncratic errors common across Plaintiff's submissions, including those that the FINRA panel determined to be falsified). Furthermore, the myriad defects in Plaintiff's Amended Complaint are otherwise sufficient to justify dismissal with prejudice. *See* Order at 17 ("[T]he defects in the Amended Complaint cannot be cured by further amendment.").

Finally, Plaintiff questions the Court's competence to decide a case of this "heighten[ed] complexity and complicated nature," Pl. Mem. at 10, and accuses the Court of harboring bias against him, *id.* at 11. The Court rejects Plaintiff's suggestion that its rulings reflect a lack of impartiality. The Court's decisions, including the Order granting Defendants' motions to dismiss, reflect a careful application of the governing law, not any predisposition toward or against any party. While Plaintiff is free to disagree with the Court's rulings, disagreement alone

does not warrant reconsideration, nor does it justify reassignment of this case to another judge. *See, e.g., R.F.M.A.S., Inc. v. Mimi So,* 640 F. Supp. 2d 506, 512–13 (S.D.N.Y. 2009) ("A party's fundamental disagreement with a court's legal analysis and conclusions as to a matter fully considered does not serve as sufficient ground to warrant reconsideration of the court's decision.").

In short, Plaintiff has not shown "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Doe v. N.Y.C. Dept. of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983) (internal quotation marks omitted). Nothing in Plaintiff's current motion persuades the Court that it overlooked evidence tending to suggest that Defendants were not entitled to dismissal, nor that the Court erred in finding that there existed clear and convincing evidence that Plaintiff attempted to defraud the Court by falsifying evidence in support of his claims. Plaintiff's motion for reconsideration is, therefore, DENIED with prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order or the Court's November 25, 2025, Opinion & Order would not be taken in good faith, and therefore *in forma pauperis* status is DENIED for the purpose of an appeal of either. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 123.

**SO ORDERED.**

Date:  **January 28, 2026**
       **New York, New York**

**VALERIE CAPRONI**
**United States District Judge**

6